It is decided that an exception of "5699" acres, included within the bounds "of a grant for a large tract of land, which is described by metes and bounds, is void, for vagueness and uncertainty." WAUGH V. RICHARDSON, 8 Ired. 470. That case differs from the case now under consideration, in this: here the exception is "two hundred and fifty acres, previouslygranted." This would point to the means by which the description in the exception may be made sufficiently certain to avoid the objection of vagueness, by aid of the maxim "id certum est quod certum reddi potest." It may be done by proving that a part of the 500 acres, included in the plaintiff's grant, had been previously granted, and what part; and if such part covers the locus in quo, the defendant is not guilty of the trespass.
So, the only question is, upon whom does the onus lie: Clearly, upon the defendant: he relies upon the exception: it must fall, unless it is supported by proof of these facts; he must, therefore, furnish the proof which is required, to bring it within the operation of the maxim. This is but an instance of the familiar rule that the affirmative must be proved.
"An exception is ever a part of the thing granted." Co. Litt. 47 a. The plaintiff's grant covered the whole; a part was excepted. What part? The defendant says it included the locus in quo. The plaintiff says it does not. The *Page 17 
defendant, of course, must prove the affirmative. "One makes title under a lease of a mannor, except the tenements late largients, he need not aver that the 100 acres of pasture (the locus in quo) was not parcel of the exception." FULMENTON v. STEWART, 1 Plow. 103.
One sets up a fine with proclamations as a bar; he need not aver that the plaintiff was not an infant or feme covert. STOWEL v. ZOUCH, Id. 361. The Statute of Henry VII. makes a fine a bar to all strangers as well as privies, except infants, c. So the Statute of Limitations, except "such accounts as concern the trade of merchandize, between merchant and merchant." The plea need not aver that the account is not such as concerns the trade; that averment is to be made in the replication, and the onus is on the plaintiff. The proviso as to infants, c., is in effect an exception: As to this the same remarks are applicable.
Another view of the subject may be taken. Suppose no part of the land had been previously granted: If the onus be on the plaintiff he can never recover an acre of it; yet, it is admitted that he is entitled to 250 acres of it.
But it is said the plaintiff is estopped from saying that no part of the land had been previously granted. The reply is, estoppels must be mutual, and bind only parties and privies: the defendant is neither a party or a privy to the grant.
Again: it is said, if in fact no part of the land had been previously granted, the plaintiff has been guilty of a fraud, and his grant covers more land than he paid for: that may be true, and it may be the grant can be avoided by another proceeding; but it is not for that reason void, and the objection cannot be made in an action of ejectment, or of trespassquare clausum fregit.
It is settled, that where land is the subject of entry, the grant is voidable; where the land is not the subject of entry, the grant is void, and may be so treated in ejectment or trespass. *Page 18 
 Judgment reversed, and judgment for the plaintiff on the verdict.